## H. W. WESTHOLZ, Administrator, *v.* GUILLAUME RETAUD.

A witness can be allowed to testify, where he was not a party to the original act.

Succession is the transmission of the rights and obligations of the deceased to the heirs.

When at the decease of the testator, there are heirs to whom a certain proportion of the property is reserved by law, these heirs are seized of right, by his death, of all the effects of the succession, and the universal legatee is bound to demand of them the delivery of the effects included in the testament.

The legatees under an universal title are bound to demand the delivery of the heirs, to whom a proportion of the effects is reserved by law; in default of heirs, of the universal legatees, and in default of those, of the next heirs in the order established in the title of successions.

The usufructuary must give security that he will use, as a prudent administrator would do, the movables and immovables subject to the usufruct, and that he will faithfully fulfil all the obligations imposed on him by law, and by the title under which his usufruct is established.

APPEAL from the Sixth District Court of New Orleans, *Howell, J.* *Roselius & Philips* and *C. E. Schmidt.* *C. Redmond* and *Durant & Hornor.*

LABAUVE, J. The petition alleges in substance that the defendant is indebted to the succession of Elizabeth Retaud, in the sum of $9,842, exclusive of interest for this, to wit :

That said Elizabeth Retaud, during her lifetime, loaned money on mortgage, and that the defendant, her second husband, acted as her agent, and usually had the act of mortgage drawn in his favor for convenience. That said Retaud, after the death of his said wife, illegally obtained possession of large number of said notes secured by mortgage, and that among other notes withheld by said Retaud, are :

1. A note signed by G. T. Frommer, for $1,000, dated October 17, 1857, payable one year after date, to the order of, and endorsed by said Frommer.

2. A note signed by F. Mirandi to his order and by him endorsed, dated March 12th, 1858, for $600, payable one year after date.

3. A note signed by P. Mooney to his own order and by him endorsed, dated June 20th, 1860, for $1,200, payable one year after date.

4. A promissory note signed by G. T. Frommer for $200. That the three first promissory notes described, are secured by mortgage on said property in favor of said G. Retaud.

That after the death of said Elizabeth Retaud, the said Guillaume Retaud, having free access to her armoir, etc., illegally abstracted from the same, $2,000 in Confederate notes; one gold chain worth $150, and one canvas-bag, filled with bank bills and gold, containing $4,134 in bank bills, and $4,006 in gold, all the property of the deceased. That since the death of his said wife, the said Retaud has collected from her tenants $92, and also from Miranda $60, interest on his note aforesaid, making in all $9,842. That said Guillaume Retaud, pretending to be the holder of said notes of P. Mooney for $1,200, has obtained an order of seizure and sale upon the same. He prayed accordingly, and also obtained an injunc-

tion, staying all further proceedings in said seizure and sale on the note of P. Mooney.

The defendant, reserving this defence on the merits, excepted in substance :

1. That any claims which plaintiff had to the money note, should have been preferred in the suit on said note against Mooney.

2. That by the marriage contract, between defendant and his deceased wife, Retaud is instituted usufructuary of the whole estate of the deceased, and vested with full possession. That the present action is brought in violation of the terms, conditions and stipulations of said marriage contract; and prayed that the suit be dismissed.

The Court dismissed his exception, without prejudice to defendant's rights to set up the matters therein contained as defence on the merits. Judge R. K. Howell then presided.

The defendant then pleaded the general issue, the right of usufruct of his wife's succession, under the marriage contract; that the notes and valuables claimed by plaintiff never belonged to the deceased, but were the exclusive property of defendant, and in his possession under authentic titles, etc.

Upon these pleadings, the parties went to trial, and the Court, then presided by Judge Leaumont, after hearing a mass of testimony on both sides, dismissed the suit, on the ground, he thought, that the matters here in dispute, exclusively belonged to the Second District Court of New Orleans, having exclusive jurisdiction of all probate matters.

The plaintiff took this appeal.

The defendant and his deceased wife, Elizabeth Frederick, then widow Carl Westholz, entered into a marriage contract in New Orleans on the 1st February, 1848, wherein it is stipulated that there was to be an absolute separation of property between the parties, and a total exclusion of all community ; property acquired during marriage was to belong exclusively to the party in whose name it was acquired.

Mrs. Retaud died on the 5th February, 1863, leaving five children of her first marriage and one of her second marriage with defendant.

On the trial of the case below, plaintiff offered witnesses to prove that the mortgage notes claimed by him were the property of defendant's wife, and not of defendant, and that he, defendant, quoad said notes, only acted in the capacity of agent; to which testimony defendant objected, that his claims to said notes were established by authentic deeds; that the allegations in plaintiff's petition that said acts of mortgage and notes made in favor of defendant for convenience, did not authorize the introduction of parol proof to contradict the same. That the testimony of said witnesses was excluded by the express terms of the first article of the marriage contract. That the notes and acts of mortgage constituted complete title, which could not be controverted under the allegations by oral proof, and that the testimony of Frommer and wife, and Mooney,

was not admissible, on the ground they were interested as parties litigant for the amount of their costs. The Court overruled the objections, and defendant excepted. We are of opinion that the Court did not err; the deceased wife was not a party appearing in the act, and it was legal for the plaintiff to show by parol evidence, or otherwise, that the money was loaned by the deceased; that her husband acted for her, and that the notes belonged to her. *Bénoit* v. *Broussard*, 19 L. 387.

The defendant's counsel also objected to testimony, going to show the pecuniary circumstances of Retand and wife, the Court overruled the objections, and admitted the testimony; we believe the Court did not err.

We are satisfied by the testimony of Patrick Mooney that the note due by him, and in dispute, for $1,200, was for borrowed money from the deceased, and that the same belongs to her succession. The plaintiff has failed to show title to the F. Mirandi note for $600. The testimony of G. T. Frommer and wife, satisfies us that the two notes of said Frommer, and herein claimed, one for $200, and the other for $1,000, were executed and given for money borrowed of the deceased, wife of the defendant.

After the death of his wife, the defendant got Louis Ackerman, a locksmith, to open the drawer of an armoir in the room up stairs. Ackerman testified that when he opened that drawer he saw a bag full of money in it; did not touch the bag; that the bag was full; he knew it was full; he saw it; it was full in so far there was a handle to it; did not know whether it was silver or gold. Mr. Retaud saw what was in the bag at the time; he said it was money. This witness judged that, if the money was silver in the bag, it contained about $250 to $300. He further says: *When I saw it the second time, there was some money in it; there could be about $50 in it.*

We are satisfied from the evidence that this money, seen in the drawer by this witness, belonged to the deceased; and that there was in the drawer in silver $275, of this sum $50 were produced by the defendant at the inventory, as belonging to his deceased wife, leaving a balance of $225 due by him.

We are of opinion that the Court properly overruled the exception specially pleaded in limine litis. We believe that the Judge erred on the final trial of the case on the merits, in dismissing the suit on the ground of want of jurisdiction; we are of the opinion that the Court had jurisdiction, and should have given a judgment on the merits; and we will proceed to give such a judgment as the Court below ought to have rendered according to the evidence.

The defendant contends that he is entitled to retain possession of the property, as usufructuary, under this clause of the marriage contract:

"Les futurs époux, voulant se donner un témoignage réciproque de leur affection, se font par les présentes, donation entre-vifs, pure, simple et irrévocable, pour cause de noces, et à titre de survie, le prémourant au survivant, de l'usufruit viager, de tous biens, mobiliers et immobiliers, que laissera le prémourant au jour de son décès."

There was an absolute separation of property and a total exclusion of all community, by the marriage contract, between these parties; consequently, the property of the deceased was in her exclusive and distinct possession at the time of her death, and so she transmitted the same to her children with her succession. C. C. Arts. 867, 1600. The defendant was bound to demand delivery of the heirs, and give security as usufructuary. C. C. Arts. 1600, 1605, 551.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed; and, proceeding to render such a judgment as the Court below should have given, it is further ordered and decreed, that the note of Patrick Mooney, dated 20th June, 1860, for $1,200, payable one year from its date, and bearing 8 per cent. interest per annum from maturity until paid, be recognized to belong to the succession of the deceased, and that the defendant be decreed to deliver and return the same to the plaintiff, with its value, within ten days from the filing of this decision in the lower Court; and on his failure to do so, it is ordered and decreed that he shall then pay to the plaintiff the amount thereof, to wit: the sum of $1,200, with 8 per cent. interest per annum, from the 23d of June, 1861, till paid; and further, that the injunction in the case of *Retaud* v. *Mooney*, No. 10,833, be perpetuated, and that the proceeds of the note of said Mooney, whenever realized, be paid over to the plaintiff.

It is further ordered and decreed, that the note of said G. F. Frommer, dated New Orleans, August 18th, 1860, for $1,000, payable one year from its date, and bearing 8 per cent. interest per annum, from maturity, be recognized the property of the deceased, and that the same, or the proceeds thereof, now deposited, under agreement of counsel, in the hands of the Clerk of the District Court, be delivered to the plaintiff.

It is further ordered and decreed, that the note of said George.F. Frommer, for two hundred dollars, be recognized to belong to the succession of the deceased, and that the defendant be ordered to deliver the same to the plaintiff within ten days from the filing of this decision in the Court below; and on his failing to do so, it is ordered that he shall pay to the plaintiff the proceeds thereof, that is, two hundred dollars, and the interest.

It is further ordered and decreed, that the defendant pay to the plaintiff the sum of two hundred and twenty-five dollars, with legal interest from the 5th January, 1864, till paid, it being the amount cash proven to have been used by defendant. It is further ordered and decreed, that that part of plaintiff's demand not herein allowed be dismissed, as in case of nonsuit, and reserved, and that the said defendant, Rétaud, pay costs in both Courts.

HOWELL, J., recused.